UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN CHASE,<br><br>          Plaintiff,<br><br>v.<br><br>ATLAS COPCO CRAELIUS AB,<br><br>          Defendant. | 2:10-CV-02249-PMP-PAL<br><br>ORDER |

       Presently before the Court is Defendant Atlas Copco Craelius AB's Motion to Dismiss (Doc. #44), filed on January 30, 2012.  Plaintiff filed an Opposition (Doc. #45) on February 16, 2012.  Defendant filed a Reply (Doc. #46) on February 24, 2012.  The Court held a hearing on this motion on March 26, 2012.

       The parties agree the only issue before the Court is whether Plaintiff's Amended Complaint relates back to the original Complaint, such that it is not barred by the statute of limitations.  Plaintiff was injured on November 10, 2008 while operating a CS-14 Coring Rig.  (Notice of Removal (Doc. #1), Ex. A ("Compl.") at 2.)  Plaintiff filed the original Complaint in Nevada state court on November 10, 2010, naming Defendant Atlas Copco Drilling Solutions LLC ("Drilling Solutions") as well as "doe" defendants, specifically any "designers, manufacturers, installers, maintainers, repairers or distributors of the subject Coring Rig."  (Id.)  The parties agree Plaintiff filed the original Complaint within the applicable two-year limitations period.

       On May 13, 2011, Plaintiff moved to amend to add Atlas Copco Craelius AB ("Craelius") as a defendant.  (Mot. to Am. Compl. to Add Def. (Doc. #9).)  The Court

1  granted the motion on June 13, 2011 (Doc. #12), and Plaintiff filed the Amended Complaint
2  the same day.  (Am. Compl. (Doc. #14).)  Plaintiff served Craelius on October 19, 2011.
3  (Summons (Doc. #28).)
4         Craelius argues the Court should dismiss the Amended Complaint because it was
5  not named as a defendant until after the limitations period ran and Plaintiff has no basis for
6  the Amended Complaint to relate back to the original Complaint.  Plaintiff responds that
7  because it complied with "doe" pleading requirements under Nevada law, the Amended
8  Complaint is timely.  Plaintiff also argues that service on Drilling Solutions constituted
9  constructive notice to Craelius.
10         Pursuant to Federal Rule of Civil Procedure 15(c)(1)(A), an amendment relates
11  back to the date of the original pleading when "the law that provides the applicable statute
12  of limitations allows relation back."  The parties agree that Nevada law provides the
13  applicable statute of limitations in this case.  Nevada Rule of Civil Procedure 10(a) permits
14  a plaintiff to use "doe" pleading and to amend his complaint to substitute a "doe" defendant
15  for a named defendant once the plaintiff discovers the defendant's true identity.
16  <u>Nurenberger Hercules-Werke GMBH v. Virostek</u>, 822 P.2d 1100, 1105-06 (Nev. 1991).
17         To relate back, the plaintiff must satisfy a three-part test.  First the plaintiff must
18  plead "fictitious or doe defendants in the caption of the complaint."  <u>Id.</u> at 1106.  Second,
19  the plaintiff must set forth in the complaint "the basis for naming defendants by other than
20  their true identity, and clearly specifying the connection between the intended defendants
21  and the conduct, activity, or omission upon which the cause of action is based."  <u>Id.</u>  Finally,
22  the plaintiff must exercise "reasonable diligence in ascertaining the true identity of the
23  intended defendants and promptly mov[e] to amend the complaint in order to substitute the
24  actual for the fictional."  <u>Id.</u>  Factors bearing on reasonable diligence include, but are not
25  limited to, "whether the party unreasonably delayed amending the pleadings to reflect the
26  true identity of a defendant once it became known, whether the plaintiff utilized judicial

2

mechanisms such as discovery to inquire into a defendant's true identity, and whether a defendant concealed its identity or otherwise obstructed the plaintiff's investigation as to its identity." Sparks v. Alpha Tau Omega Fraternity, Inc., 255 P.3d 238, 243 (Nev. 2011) (citations and internal quotation marks omitted).

Craelius contends that the Nevada Supreme Court recently has indicated that Nevada Rule of Civil Procedure 15(c) governs the addition or substitution of parties, not Rule 10(a). See Costello v. Casler, 254 P.3d 631, 634 n.4 (Nev. 2011). However, Costello disavowed only dicta in Nurenberger and Medical Device Alliance, Inc. v. Ahr, 8 P.3d 135, 142 n.5 (Nev. 2000), where those cases had indicated that Nevada Rule of Civil Procedure 15(c) did not apply to the addition or substitution of parties. Id. Costello did not overrule Nurenberger's main holding that a plaintiff may utilize doe pleading under Rule 10(a) and the substitution of a named party for the doe defendant will relate back if the plaintiff meets the three part test in Nurenberger. Costello indicated that Nevada Rule 15(c) is an additional source of relation back for the addition or substitution of parties, not that it is the exclusive source.

Craelius does not argue that Plaintiff has failed to meet the Nurenberger factors. Plaintiff's original Complaint named doe defendants in the caption. (Compl.) Plaintiff's original Complaint also set forth the basis for naming "doe" defendants rather than using their true identities and specified the connection between the intended defendants and the conduct upon which Plaintiff's claims are based. Plaintiff identified the doe defendants as "designers, manufacturers, installers, maintainers, repairers and distributors of the subject Coring Rig, or its component parts" who were unknown at the time. (Id. at 2.) Finally, Plaintiff exercised reasonable diligence in ascertaining Craelius's identity and moving to amend. This case is in its early stages and prior to discovery, Plaintiff learned from Defendant Drilling Solutions that it potentially had named the wrong "Atlas Copco" entity. Plaintiff thereafter moved to amend within no more than four months of first learning about

the possibility that Craelius was the proper defendant rather than Drilling Solutions.  Given that Plaintiff needed some time to investigate Drilling Solutions' representations that it was not the manufacturer of the rig and that Craelius was the entity Plaintiff intended to sue, the Court does not find a three to four month delay in moving to amend unreasonable.

IT IS THEREFORE ORDERED that Defendant Atlas Copco Craelius AB's Motion to Dismiss (Doc. #44) is hereby DENIED.

DATED:  March 28, 2012

_____
PHILIP M. PRO
United States District Judge